United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03-30692

_____

In Re: In the Matter of: SUPERIOR CREWBOATS, INC., as owner of
the MV Stacey D, petitioning for Exoneration from or
Limitation of Liability

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SUPERIOR CREWBOATS INC., as owner of the MV STACEY D,

Petitioner-Appellant,

versus

PRIMARY P & I UNDERWRITERS,

Defendant-Appellee,

and

ARTHUR HUDSPEATH; WILBUR J. BABIN, JR.,

Claimants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana

_____

Before JONES, WIENER, and PRADO, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This case principally raises the question whether judicial estoppel prohibits these debtors from prosecuting a personal injury lawsuit that they did not timely disclose to the bankruptcy court. The district court concluded that confusion as to the viability of the claim, combined with the bankruptcy

trustee's lack of diligence, made judicial estoppel unwarranted as a matter of law. The district court's rationale allows these debtors to have their cake and eat it too, as they retain the enormous benefit of a bankruptcy discharge while standing in line to receive funds from the injury lawsuit after the creditors are paid. Because judicial estoppel is designed to prevent such guile, we reverse.

## I. BACKGROUND

On August 26, 1999, Arthur Hudspeath was allegedly injured disembarking the MV STACEY D, a ship owned and operated by Superior Crewboats, Inc. ("Superior"). A little more than one year later, Hudspeath and his wife ("the Hudspeaths") filed a Chapter 13 bankruptcy petition in the Eastern District of Louisiana. As a condition of bankruptcy, the Hudspeaths were required to report, under penalty of perjury, the existence of any pending litigation or potential lawsuits. This information is specifically required on the debtors' schedules and statement of affairs. The filings' general purpose is to permit the court, the trustee, and the creditors to evaluate the debtors' financial condition at the date of bankruptcy and ascertain what assets may be available for distribution to creditors. The debtors are also obliged to update their schedules as necessary to assure full disclosure.

The Hudspeaths' schedules represented that they had no pending or potential lawsuits. However, on January 18, 2001, while

2

their bankruptcy case was still pending, the Hudspeaths filed a state court lawsuit against Superior with respect to Mr. Hudspeath's boating injury. They did not, however, take steps to have service on the defendant accomplished until some six months later. Neither did the Hudspeaths formally amend their bankruptcy filings, before discharge, to reflect this lawsuit.

In May 2001, the Hudspeaths' bankruptcy was converted from Chapter 13 to Chapter 7. On July 12, 2001, the Hudspeaths disclosed the lawsuit at the § 341 creditors' meeting convened in the converted case, but the Hudspeaths inaccurately informed the creditors that the suit was prescribed.[1] Furthermore, the Hudspeaths did not disclose that they had requested service of process in the state court lawsuit approximately one month earlier. Shortly after the creditors' meeting, the bankruptcy trustee filed a Petition of Disclaimer and Abandonment concerning the lawsuit. On October 1, 2001, the bankruptcy court granted the Hudspeaths a "no asset" discharge.

On January 18, 2002, Superior filed an admiralty limitation proceeding in the same federal court in which the bankruptcy had lodged. Mr. Hudspeath responded with a complaint to recover his damages in the limitation proceeding. On July 31, 2002, Superior informed the bankruptcy trustee that Hudspeath was

---

[1] Mrs. Hudspeath informed the bankruptcy trustee that the claim was barred by Louisiana's one-year prescriptive period for tort actions. In fact, the parties now agree that this suit is governed by general maritime law, which provides a three-year limitations period.

3

continuing to pursue a pre-petition personal injury claim. On August 28, 2002, two days after the three-year limitations period had run, the trustee moved to re-open the bankruptcy. In mid-September 2002, the Hudspeaths filed amended schedules disclosing the claim against Superior, and in October 2002, in response to Superior's motion to dismiss, the trustee moved to substitute for the Hudspeaths, as plaintiff, in the limitation proceeding.

In its motion to dismiss, Superior argued that the personal injury claim was barred by judicial estoppel and Federal Rule of Civil Procedure 17(a), which requires a suit to be brought by the real party in interest. The district court rejected the judicial estoppel argument, determining that it could not "conclude that the Hudspeaths took inconsistent positions" because it was "a question of fact to be determined at trial and not a matter of law to be decided summarily." In re Superior Crewboats, Inc., No. 02-161, 2003 WL 133228, * 6 (E.D. La. Jan. 14, 2003) ("Superior I"). The district court did not at that time address Superior's Rule 17(a) argument, but did grant the Hudspeaths' motion to file a third amended petition.[2] The district court later addressed, and rejected, Superior's Rule 17(a) argument. Superior II, 2003 WL 212

---

[2] Superior filed a motion for summary judgment and a Rule 59 motion to set aside the court order permitting the Hudspeaths to amend the bankruptcy petition because the district court failed to consider Superior's Rule 17(a) argument. Superior reiterated that Rule 17(a) did not apply in admiralty cases and, even if it did, the trustee's claim could not relate back. The district court granted the Rule 59 motion and took up Superior's Rule 17(a) argument on the merits. See In re Superior Crewboats, Inc., No. 02-161, 2003 WL 21219887, * 3 (E.D. La. May 22, 2003) ("Superior II").

4

19887, * 6.  Thereafter, the district court designated its rulings as immediately appealable under 28 U.S.C. § 1292(b), and this court accepted the appeal.

## II. STANDARD OF REVIEW

We review a district court's judicial estoppel determination for abuse of discretion.  See <u>Hall v. GE Plastic Pacific PTE Ltd.</u>, 327 F.3d 391, 396 (5th Cir. 2003) (citing <u>Ahrens v. Perot Systems Corp.</u>, 205 F.3d 831, 833 (5th Cir. 2000)).  However, "'an abuse of discretion standard does not mean a mistake of law is beyond appellate correction', because '[a] district court by definition abuses its discretion when it makes an error of law.'" <u>In re Coastal Plains, Inc.</u>, 179 F.3d 197, 205 (5th Cir. 1999) (quoting <u>Koon v. United States</u>, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996)).

## III.  DISCUSSION

The threshold, and as it turns out dispositive, question in this appeal is whether judicial estoppel bars the appellees from pursuing Mr. Hudspeath's personal injury claim.[3]  Judicial estoppel is a common law doctrine that prevents a party from assuming inconsistent positions in litigation.  <u>Brandon v. Interfirst Corp.</u>, 858 F.2d 266, 268 (5th Cir. 1988).  "The purpose of the doctrine is to protect the integrity of the judicial process by preventing

---

[3] Federal law applies to Superior's judicial estoppel argument, which arose within the context of the Hudspeaths' bankruptcy petition.  See <u>Coastal Plains</u>, 179 F.3d at 205 (citing <u>Johnson v. Oregon Dept. of Human Resources</u>, 141 F.3d 1361, 1364 (9th Cir. 1998)).

parties from playing fast and loose with the courts to suit the exigencies of self interest." Coastal Plains, 179 F.3d at 205 (citations and quotations omitted). Importantly, because judicial estoppel is designed to protect the judicial system, not the litigants, detrimental reliance by the party opponent is not required. Id. (citing Matter of Cassidy, 892 F.2d 637, 641 (7th Cir. 1990)).

Generally, judicial estoppel is invoked where "intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." Id. (quoting Scarano v. Central R.R. Co., 203 F.2d 510, 513 (3d Cir. 1953)). This circuit, however, has recognized three particular requirements: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. Id. (citations omitted). The district court ruled that the Hudspeaths, at least as a matter of law, had not taken clearly inconsistent positions in bankruptcy and in the later-filed personal injury claims and that their failure to timely amend bankruptcy schedules was insufficient to compel judicial estoppel of the personal injury claim. See Superior I, 2003 WL 133228, at ** 6-7. We disagree.

First, the Hudspeaths' positions in the bankruptcy court and personal injury litigation were clearly inconsistent. "It goes without saying that the Bankruptcy Code and Rules impose upon

6

bankruptcy debtors an express, affirmative duty to disclose all assets, <u>including contingent and unliquidated claims</u>." <u>Coastal Plains</u>, 179 F.3d at 207-08 (emphasis in original). The duty to disclose is continuous. <u>Id.</u> Thus, under <u>Coastal Plains</u>, the Hudspeaths' omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed. <u>Id.</u> at 210. Now, however, the Hudspeaths contend, before the state court and in the limitation proceeding, that the personal injury claim is viable and worth $2.5 million. Such blatant inconsistency readily satisfies the first prong of the judicial estoppel inquiry.

Second, the bankruptcy court adopted the Hudspeaths' contention that the personal injury claim was prescribed. Adoption does not require a formal judgment; rather, it only requires "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." <u>Coastal Plains</u>, 179 F.3d at 206 (quoting <u>Reynolds v. Comm'r of Internal Revenue</u>, 861 F.2d 469, 473 (6th Cir. 1988)). Here, the bankruptcy trustee formally abandoned the claim, and the bankruptcy court issued a "no asset" discharge, thereby adopting the Hudspeaths' position until Superior's actions forced the Hudspeaths to recede in favor of the trustee.

Third and last, the Hudspeaths' non-disclosure of a viable personal injury claim was not inadvertent. "[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent'

7

only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Coastal Plains, 179 F.3d at 210 (emphasis in original). Neither consideration exculpates the Hudspeaths in this instance. The Hudspeaths certainly had knowledge of the undisclosed claim, initiating the suit only months after filing for bankruptcy and requesting service of process during the pendency of the bankruptcy petition. Still, the couple remained silent until months later. When Mrs. Hudspeath finally informed the bankruptcy trustee about the suit, she wrongly identified it as prescribed. The Hudspeaths' argument that there was confusion as to whether the Louisiana or maritime limitations period controlled is of no moment. The Hudspeaths were aware of the facts underlying the claim and their continuing obligation to disclose its existence to the court. Alleged confusion as to a limitations period does not evince a lack of knowledge as to the existence of the claim.[4] The district

_____

[4] The district court placed significant weight on the disclosure of the claim to the trustee at the creditors' meeting on July 12, 2001, concluding that once the trustee became aware of the claim, he had an affirmative duty to investigate its viability before discharging it. Thus, in the district court's view, scheduling the asset, without more, would not have altered the outcome. See Superior I, 2003 WL 133228, at * 6. The district court's reasoning misses the mark. The district court draws its logic from In re Barger, 279 B.R. 900 (Bankr. N.D. Ga. 2002), which after the district court ruled here, was overturned, in relevant part, by the Eleventh Circuit in Barger v. City of Cartersville, Ga., 348 F.3d 1289 (11th Cir. 2003). In Barger, the debtor wrongly informed the trustee, during the creditors' meeting, that her discrimination lawsuit had no monetary value. Id. at 1296. The Eleventh Circuit rejected the bankruptcy court's reasoning, relied on by the district court here, that the trustee's lack of diligence in pursuing the claim excused the debtor's dishonesty. Rather, the court found that the "foremost responsibility in this matter was for Barger to fully disclose her assets. She did not satisfy her duty. Instead, she dissembled to the trustee and indicated her discrimination claim had no monetary value. As such, the trustee can hardly be faulted for not further investigating

8

court's conclusion that a fact issue existed concerning the debtors' wrongful intent was thus incorrect.

The Hudspeaths had the requisite motivation to conceal the claim as they would certainly reap a windfall had they been able to recover on the undisclosed claim without having disclosed it to the creditors. Such a result would permit debtors to "[c]onceal their claims; get rid of [their] creditors on the cheap, and start over with a bundle of rights." Payless Wholesale Distrib., Inc. v. Alberto Culver (P.R.) Inc., 989 F.2d 570, 571 (1st Cir. 1993). Accordingly, the Hudspeaths cannot be permitted, at this late date, to re-open the bankruptcy proceeding and amend their petition. Judicial estoppel was designed to prevent such abuses. See Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.")

## IV. CONCLUSION

For the foregoing reasons, we reverse the decision of the district court and conclude that judicial estoppel bars the personal injury suit as a matter of law. The judicial estoppel determination obviates the need to address Superior's Rule 17(a)

---

Barger's discrimination suit." Id. The present case is no different.

9

arguments and renders moot the trustee's claim to substitute as plaintiff for the debtors. The case must be remanded with instructions to dismiss the Hudspeaths' claim.

**REVERSED** and **REMANDED WITH INSTRUCTIONS**.