United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2005

Charles R. Fulbruge III
Clerk

In the
# United States Court of Appeals
## for the Fifth Circuit

———————

m 04-60557

———————


SHARON JETHROE,

Plaintiff-Appellant,

VERSUS

OMNOVA SOLUTIONS, INC.,

Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Mississippi

———————————

Before GARWOOD, SMITH, and CLEMENT,
Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Sharon Jethroe challenges a summary judgment in favor of Omnova Solutions, Inc. ("Omnova"), granted on the ground that Jethroe had failed to disclose her pending EEOC charge and potential title VII claim to the bankruptcy court. Because summary judgment is appropriate under the principle of judicial estoppel, we affirm.

I.

Jethroe used to work for Omnova, which promoted her to the position of wind-up operator. She alleges that a supervisor told her that the wind-up position was a "male job" and that he insisted she return to her previous position. Jethroe refused, at which point, according to her, she became subject to "numerous" write-ups that, she argues, Omnova would not have issued to male employees. Jethroe maintains that this behavior continued until she was terminated on March 15, 2000.

Jethroe filed a grievance with her union and

then on March 21, 2000, filed with the Equal Employment Opportunity Commission ("EEOC"), from which she obtained a right-to-sue letter in July 2002. While pursuing her title VII claim, Jethroe filed a chapter 13 bankruptcy petition in November 2000. On one of the forms, under penalty of perjury, she marked "X" in a column indicating that she had no "other contingent and unliquidated claims of [any] nature." On another form, again under penalty of perjury, she indicated that she had no pending "suits and administrative proceedings." In the chapter 13 proceedings, Jethroe did not inform the bankruptcy court of her EEOC claim or the title VII suit.[1]

In October 2002 Jethroe filed the instant discrimination suit, at which time she claims she informed her attorney of the bankruptcy proceedings. The bankruptcy case was closed in May 2003 because she had failed to comply with an agreed order. The district court held that the title VII claim was judicially estopped because Jethroe had failed to disclose her pending EEOC charge and potential lawsuit during the bankruptcy proceedings.

## II.
### A.
We review a judicial estoppel determination for abuse of discretion.[2] Because a court, by definition, abuses its discretion when it makes an error of law, an appellate court may correct

such mistakes.[3]

### B.
In *Browning*, 179 F.3d at 205, this court explained that judicial estoppel is

"a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position . . . ." Because the doctrine is intended to protect the judicial system, *rather than the litigants*, detrimental reliance by the opponent of the party against whom the doctrine is applied is not necessary.

(Internal citations omitted.) A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently. *See id.* at 206-07. Judicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset.

A plaintiff is judicially estopped from pursuing an EEOC charge filed while his bankruptcy petition was pending and where he did not fulfill his duty to amend the petition to include that claim. *See Kamont v. West*, 83 Fed. Appx. 1, 3 (5th Cir. 2003) (unpublished). The logic of *Kamont* is sound: Jethroe was under a duty both to disclose the existence of her pending EEOC complaint when she filed her

---

[1] Jethroe apparently made several filings in the bankruptcy court, and appeared before it for hearings in June, August, and December 2001. She filed an amended voluntary petition in April 2002.

[2] *See Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003) (citing *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 833 (5th Cir. 2000)).

[3] *See Browning Mfg. v. Mims (In re Coastal Plains, Inc.)*, 179 F.3d 197, 205 (5th Cir.1999) (quoting *Koon v. United States*, 518 U.S. 81 (1996)).

2

petition and to disclose her potential legal claims throughout the pendency of that petition. *See Browning*, 179 F.3d at 208. Accordingly, she was estopped from raising the claims in the district court. The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one. *See id*. at 207-08.

### 1.

There is little question that the first element of judicial estoppel is satisfied. Jethroe filed her EEOC charge approximately eight months before she filed her bankruptcy petition. She concealed this charge and the legalities associated with it, even though she had made various appearances before the bankruptcy court. She filed this lawsuit while her bankruptcy case remained open.

### 2.

The second element of the judicial estoppel test, acceptance by the bankruptcy court, is also satisfied. That court certainly confirmed Jethroe's plan at least in part based on its assessment of her assets and liabilities. *See id.* at 210. In *Browning*, the court treated the bankruptcy parties' stipulation as sufficient to demonstrate that the bankruptcy court had accepted the party's statement of assets to the court. *See id.*

### 3.

Jethroe contests that she should not be estopped, because the circumstances fail to satisfy the third prong of the *Browning* test, intentionality. To establish that her failure to disclose was inadvertent, Jethroe may prove either that she did not know of the inconsistent position or that she had no motive to conceal it from the court. *See id.*

Jethroe claims that her failure to inform the bankruptcy court of her other claims was inadvertent because she relied on her bankruptcy attorney's advice that those claims were irrelevant. According to *Browning*, to claim that her failure to disclose was inadvertent Jethroe must show not that she was unaware that she had a duty to disclose her claims but that, at the time she filed her bankruptcy petition, she was unaware of the facts giving rise to them. *See id.* at 211-12.[4]

Another circuit has considered the "motivation" requirement in light of EEOC claims not disclosed during bankruptcy proceedings. In *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002), the court inferred intentionality where the debtor had "filed and pursued his employment discrimination claims during the pendency of his chapter 13 case but never amended his financial statement to include the lawsuit" and then subsequently converted to a chapter 7 filing, also without disclosing the claim. This reasoning is sound.

---

[4] There is some persuasive authority that would lessen what is required to demonstrate inadvertence. *See, e.g., Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362-63 (3d Cir. 1996). In *Browning* we cited *Ryan*, 81 F.3d at 363, which explored whether the potentially estopped claimant had "deliberately asserted inconsistent positions in order to gain advantage." Although using somewhat different language, *Browning*, 179 F.3d at 212, makes plain that the controlling inquiry, with respect to inadvertence, is the knowing of facts giving rise to inconsistent positions. Moreover, *Browning* states that "[a claimant's] lack of awareness of [a] statutory disclosure duty for its [legal claims] is not relevant." *See id.* Finally, the instant facts are materially indistinguishable from those in *Kamont*, which, albeit unpublished, is a Fifth Circuit opinion nonetheless.

Moreover, *Browning*, 179 F.3d at 210, requires that there be "no" motive for concealment. As the district court noted, Jethroe had an incentive to conceal her claims from creditors. Although her bankruptcy confirmation plan required her to pay approximately $9,000 of her $9,300 in secured debt, it did not require her to pay any of her unsecured debt of $8,373.

## C.

For the first time on appeal, Jethroe (who was represented by counsel in the district court) attributes to her title VII attorney's flawed advice her failure to disclose her pending EEOC charge and potential lawsuit to the bankruptcy court. This statement is unsupported and, moreover, it appears only in a document that Jethroe did not introduce into the record. Arguments not raised in the district court are waived. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 317 (5th Cir. 2002).[5]

AFFIRMED.

---

[5] Jethroe also argues, for the first time on appeal, that she lacked motivation because she just as easily could have filed a chapter 7 bankruptcy, thereby avoiding the claims of her unsecured creditors altogether. We likewise refuse to consider this theory.