# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 10, 2011

No. 10-10760
Summary Calendar

Lyle W. Cayce
Clerk

JOHNNIE P. GRIMES; JIMMY DOOL, JR.,

Plaintiffs-Appellants

v.

RUSSELL THOMASON; WAYNE BRADFORD;
JOE KING, III; RAY DARDIN; CECIL FUNDERBURG;
EASTLAND COUNTY, TEXAS; CITY OF EASTLAND, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CV-196

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants Johnnie P. Grimes and Jimmy Dool, Jr. appeal the district court's (1) order granting summary judgment for Defendants-Appellees and denying Appellants' motion to amend their complaint and join new parties; and (2) entry of final judgment. Construed liberally, Appellants' pro se complaint articulates claims for malicious prosecution, unlawful search and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10760

seizure, and violations of due process stemming from a search pursuant to a warrant and resulting state court default judgments of forfeiture. *Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008) (pro se complaints are construed liberally). The district court granted summary judgment for the individual Appellees based on qualified immunity, and it *sua sponte* dismissed as frivolous the claims against the municipal Appellees pursuant to 28 U.S.C. § 1915(e)(2).[1] The district court also denied Appellants' motions to amend and join parties, finding that they were futile. We affirm.

1. We review a district court's order granting summary judgment *de novo*. *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008). On Appellants' claims for violations of due process for lack of notice, the district court found that Appellant Jimmy Dool, Jr. owned no property subject to forfeiture. Dool argues that his property was returned to him but not until after the default judgments were entered against Appellant Johnnie P. Grimes. Since Grimes's default judgments have no bearing on Dool, and Dool's property was returned, his due process claim fails. The district court also found that in fact Grimes was given notice of the hearing on default judgment. Grimes contends that the district court erred because the notice came in the same envelope as requests for admission, which was dated a day before the court set the hearing on default and, therefore, Appellees cannot prove that he received notice. Even if this argument were meritorious, which it is not, Grimes raises it for the first time on appeal, and it is, therefore, waived. *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005).

2. For their unlawful search and seizure claim, Appellants argue that Appellees unlawfully exceeded the scope of their search warrant when they

---

[1] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous[.]" 28 U.S.C. § 1915(e)(2)(B)(i).

2

No. 10-10760

searched Grimes's residence. The district court held, and we agree, that the evidence adduced by Appellants demonstrates that a neutral intermediary—the Magistrate Judge—reviewed the Appellees' affidavits supporting the warrant and made an independent determination of probable cause. *See United States v. Harris*, 566 F.3d 422, 433–34 (5th Cir. 2009) (outlining the limited circumstances under which an issuing magistrate may be considered not neutral and detached). Further, the Appellants provided no factual basis for their assertion that the Appellees exceeded the authority of the warrants. There was no illegal search and seizure. And, because Appellants assert no other viable claims that their constitutional rights were violated in connection with their claim of malicious prosecution, their malicious prosecution claim must also fail. *Cuadra v. Houston Ind. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) ("[A] freestanding 42 U.S.C. § 1983 claim based solely on malicious prosecution [is] not viable."). Further, having found no constitutional violations on the part of the individual Appellees, the district judge correctly dismissed the municipal Appellees.

3.      Appellants also appeal the district court's denial of their motions to amend and to join new parties. However, Appellants merely state that they request review of the rulings and that they disagree with the district court's ruling that amendment would be futile. While we construe the Appellants' pro se brief liberally, even pro se litigants must brief their arguments to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Therefore, we consider Appellants arguments on this issue to be abandoned.

      AFFIRMED.