# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00959-COA

SHANNON ROGERS          APPELLANT

v.

GULFSIDE CASINO PARTNERSHIP D/B/A        APPELLEE
ISLAND VIEW CASINO RESORT

| | |
|---|---|
| DATE OF JUDGMENT: | 05/21/2015 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | MICHAEL W. CROSBY |
| ATTORNEYS FOR APPELLEE: | DAVID W. STEWART BRIAN CHRISTOPHER WHITMAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED - 12/13/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, J., FOR THE COURT:**

¶1.     Shannon Rogers slipped and fell near the buffet at the Island View Casino in Gulfport. The Island View is owned by Gulfside Casino Partnership (Gulfside).  Almost three years later, Rogers filed suit against Gulfside in the Harrison County Circuit Court, alleging that she was injured as a result of Gulfside's negligence and entitled to damages of "no less than $750,000.00."  The circuit court concluded that Rogers's lawsuit was barred by the doctrine of judicial estoppel because she failed to disclose her claim in her bankruptcy proceeding, which was still pending when the claim accrued.  Accordingly, the circuit court granted

Gulfside's motion for summary judgment and dismissed Rogers's complaint with prejudice. We conclude that the circuit court did not abuse its discretion by dismissing Rogers's complaint on the basis of judicial estoppel. Therefore, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On March 30, 2010, Rogers visited the Island View Casino in Gulfport to gamble and dine when she slipped and fell on the floor near the buffet. The next day, Rogers notified Gulfside's risk manager of the incident, and Gulfside submitted her claim to its insurer.

¶3. At the time of her fall, Rogers and her husband had an open bankruptcy case in the U.S. Bankruptcy Court for the Southern District of Mississippi. They had filed for bankruptcy under Chapter 13 of the U.S. Bankruptcy Code on October 12, 2005, and the bankruptcy court confirmed their bankruptcy plan in March 2006. The bankruptcy court granted them a discharge of their debts in October 4, 2010, after they completed their plan. A final order closing the bankruptcy was entered on March 14, 2011. Thus, Rogers reported her claim and alleged injury to Gulfside six months before she was discharged from bankruptcy and nearly one year before her bankruptcy case was closed. Nonetheless, Rogers never disclosed her potential claim to the bankruptcy trustee.

¶4. On March 28, 2013, Rogers filed a personal injury lawsuit against Gulfside in the Harrison County Circuit Court. She alleged that she had incurred medical expenses in excess of $56,000 and claimed that she was entitled to damages of "no less than $750,000.00." On November 13, 2014, after learning of Rogers's prior bankruptcy, Gulfside moved for summary judgment, arguing that Rogers was judicially estopped from pursuing her claim

2

because she had failed to disclose it during her bankruptcy proceeding. The circuit court agreed with Gulfside and granted its motion for summary judgment, dismissing Rogers's complaint with prejudice. Rogers then filed a timely notice of appeal.

**DISCUSSION**

**I.      Did Rogers have an obligation to disclose her claim in her bankruptcy case?**

¶5.      As an initial matter, we must determine whether Rogers had an obligation to disclose her claim against Gulfside in her prior bankruptcy proceeding. If she had no obligation to disclose the claim, then her failure to do so would not estop her from pursuing it now. In *Copiah County v. Oliver*, 51 So. 3d 205 (Miss. 2011), the Mississippi Supreme Court addressed a similar question involving a Chapter 13 debtor's failure to disclose a personal injury claim that accrued after she filed a petition for bankruptcy and after her bankruptcy plan was confirmed. *See id.* at 206 (¶¶3-4). There, the Court remanded that case with instructions to stay proceedings in the circuit court "until the bankruptcy court ha[d] had an opportunity to consider whether [the debtor] had a duty to disclose her post-petition, post-confirmation claim." *Id.* at 207 (¶12). The Court concluded that it would be "prudent" to seek the bankruptcy court's view because, at that time, there seemed to be little or no caselaw on point. *See id.* at (¶¶10-11).

¶6.      However, subsequent decisions address this point with relative clarity. Therefore, there is no need for us to delay proceedings or impose upon the bankruptcy court in this case. In *Love v. Tyson Foods Inc.*, 677 F.3d 258 (5th Cir. 2012)—a Chapter 13 case—the U.S. Court of Appeals for the Fifth Circuit clearly explained:

3

The Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. *The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one. The disclosure requirement pertains to potential causes of action as well.*

*Id.* at 261 (emphasis added; citations, quotation marks, and brackets omitted). More recently, in another Chapter 13 case, the U.S. Bankruptcy Court for the Northern District of Mississippi held "the authorities from the Fifth Circuit Court of Appeals make it clear that [a debtor has] a continuing duty throughout the pendency of her bankruptcy case to disclose [a] state law cause of action." *In re Adams*, 481 B.R. 854, 859 (Bankr. N.D. Miss. 2012).

¶7.     There is no legally significant distinction between *Adams* and this case. In *Adams*, the debtor filed a bankruptcy petition in 2004; her bankruptcy plan was confirmed in 2005; her wrongful death claim accrued in 2007; she filed her wrongful death suit in state court in 2008; and she was discharged from bankruptcy in 2009. *See id.* at 856-57. Similarly in this case, Rogers's slip-and-fall claim accrued after she filed for bankruptcy and her bankruptcy plan had been confirmed but before she was discharged from bankruptcy. She also notified Gulfside's risk manager of her personal injury claim while her bankruptcy case remained pending. The *only* difference between this case and *Adams* is that Rogers waited until after she had been discharged from bankruptcy to file her lawsuit in state court. However, as *Adams* and *Love* make clear, this distinction lacks legal significance. A debtor has a continuing and ongoing obligation to disclose potential claims to her bankruptcy trustee. Rogers knew about her claim and even submitted it to Gulfside while her bankruptcy case was pending; she could not avoid her disclosure obligations under the Bankruptcy Code

4

simply by waiting until after she was discharged to file suit on the claim.

¶8.　　Mississippi courts are competent to apply federal law when necessary to decide a case over which we have jurisdiction. Since *Oliver* was decided, the Fifth Circuit's opinion in *Love* and the bankruptcy court's opinion in *Adams* have provided sufficient guidance for us to decide this case without a stay and further proceedings in the bankruptcy court. It is clear that Rogers had an obligation to disclose her potential claim against Gulfside. We next address whether her failure to disclose the claim in her bankruptcy proceeding judicially estops her from pursuing the claim in the instant case.

## II.　　Did the circuit court abuse its discretion by dismissing Rogers's complaint on the basis of judicial estoppel?

¶9.　　Although we "commonly state[] that we review the circuit court's decision to grant summary judgment de novo," *Bennett v. Highland Park Apartments LLC*, 170 So. 3d 450, 452 (¶4) (Miss. 2015), "a trial court's imposition of judicial estoppel . . . is subject to review under an abuse of discretion standard." *Kirk v. Pope*, 973 So. 2d 981, 986 (¶11) (Miss. 2007) (citing *Superior Crewboats Inc. v. Primary P & I Underwriters*, 374 F.3d 330, 334 (5th Cir. 2004)); *see also New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) ("[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion." (quotation marks omitted)).[1]

---

[1] In *Adams v. Graceland Care Ctr. of Oxford LLC*, No. 2013-CA-00724-COA, 2015 WL 6685213 (Miss. Ct. App. Nov. 3, 2015), *cert. granted*, 2016 WL 6462260 (Miss. July 21, 2016), an opinion joined by four of eight participating judges stated that a de novo standard of review applies when a motion for summary judgment is granted on the basis of judicial estoppel. *See id.* at *2 (¶7) (plurality op.). The plurality opinion relied on *Copiah County v. Oliver*, 51 So. 3d 205, 207 (¶7) (Miss. 2011), in support of this contention. However, the *Oliver* Court did not purport to overrule *Kirk*, did not expressly alter the standard of review of a trial court's imposition of judicial estoppel, and did not even reach the merits of the judicial estoppel issue in that case. *See Adams*, 2015 WL 6685213, at *7

5

Thus, a decision to grant summary judgment that is based on judicial estoppel implicates a "twofold standard of review": we first review the judicial estoppel ruling for an abuse of discretion and then determine whether the circuit court properly granted summary judgment. *See Bennett*, 170 So. 3d at 452 (¶5) (stating that if a grant of summary judgment depends on an underlying evidentiary ruling, an appellate court applies a "twofold standard of review," "first review[ing] the . . . evidentiary ruling for an abuse of discretion, then review[ing] the remaining question of law de novo"). In this case, however, the circuit court's grant of summary judgment was based entirely on its ruling on the issue of judicial estoppel. Thus, if the court's imposition of judicial estoppel was not an abuse of discretion, it necessarily follows that its grant of summary judgment was proper. Therefore, the only question we must address is whether the circuit court abused its discretion by imposing the doctrine of judicial estoppel.

¶10. When a debtor seeks to recover on a claim that she failed to disclose in a prior bankruptcy proceeding, there are only "three requirements for judicial estoppel: '(1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent.'" *Oliver*, 51 So. 3d at 207 (¶9) (quoting *Kirk*, 973 So. 2d at 991 (¶32)

(¶26) (Wilson, J., dissenting). Accordingly, we will apply the standard of review that the Supreme Court expressly adopted in *Kirk*. *See Buffington v. State*, 824 So. 2d 576, 580 (¶15) (Miss. 2002) ("[A] majority of all sitting judges is required to create precedent, and therefore, it follows that a plurality vote does not create a binding result." (quotation marks omitted)); *Hudson v. WLOX Inc.*, 108 So. 3d 429, 432 (¶10) (Miss. Ct. App. 2012) ("[T]his court lacks authority to overrule Mississippi Supreme Court precedent."). We also note that the Supreme Court has granted certiorari to review our decision in *Adams*.

(quoting *Superior Crewboats*, 374 F.3d at 335)).[2] With respect to the first of these requirements, Rogers had a continuing duty to disclose her claim in her bankruptcy case, so her failure to disclose "impliedly represented that she had no such claim," which "is plainly inconsistent with her . . . assertion of the claim in state court." *In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013). With respect to the second requirement, when the bankruptcy court entered an order discharging Rogers and her husband from bankruptcy, the court effectively accepted her representation that she had made a full and complete disclosure of her assets. *See Superior Crewboats*, 374 F.3d at 330; *Tubbs v. Huntington Ingalls Inc.*, No. 1:06CV834HSO-JMR, 2011 WL 3891877, at *6 (S.D. Miss. Aug. 29, 2011). Accordingly, the first and second requirements of judicial estoppel are satisfied.

¶11. The only remaining issue relates to the third requirement: whether Rogers's non-disclosure was "inadvertent." "A debtor's non-disclosure is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Kirk*, 973 So. 2d at 991 (¶ 35) (quoting *Superior Crewboats*, 374 F.3d at 335 (quoting *In re Coastal Plains Inc.*, 179 F.3d 197, 210 (5th Cir. 2009))). Moreover, it is the debtor's burden to prove that her non-disclosure was inadvertent. *Jethroe v. Omnova*

---

[2] *Oliver* and *Kirk* appropriately applied federal caselaw to determine the preclusive effect of a debtor's failure to disclose a claim in a bankruptcy proceeding. *See Superior Crewboats*, 374 F.3d at 334 & n.3; *Kamont v. West*, 83 F. App'x 1, 3 (5th Cir. 2003) ("We apply federal law where judicial estoppel is applied based on a debtor's failure to disclose assets in violation of the federal Bankruptcy Code."); *Bailey v. Barnhart Interest Inc.*, 287 S.W.3d 906, 910 (Tex. Ct. App. 2009) ("Because the [defendants] invoked judicial estoppel in the bankruptcy context, we apply federal law to determine whether the doctrine applies here."); 19 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4514 (2d ed.) ("[F]ederal common law is truly federal law in the sense that, by virtue of the Supremacy Clause, it is binding on state courts[.]" (footnotes omitted)).

*Solutions Inc.*, 412 F.3d 598, 600 (5th Cir. 2005). The question is not whether the debtor subjectively knew at the time of her bankruptcy that she had a legal duty to disclose the claim in her bankruptcy proceeding. Rather, a debtor is deemed to have had "knowledge" of her claim so long as she was aware "of the facts giving rise to" it. *Id.* at 601. Here, Rogers obviously had "knowledge of" her slip-and-fall claim. Indeed, she notified Gulfside of her claim the next day, six months before she was granted a discharge from bankruptcy.

¶12. Because Rogers had "knowledge" of her claim, the issue narrows further to whether she had a "motive for . . . concealment" of the claim. *Id.* The Fifth Circuit appropriately observed that "the motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. *Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure*." *Love*, 677 F.3d at 262 (emphasis added) (quoting *Thompson v. Sanderson Farms Inc.*, No. 3:04CV837-WHB-JCS, 2006 WL 7089989, at *4 (S.D. Miss. May 31, 2006)). The debtor's motive not to disclose her claim is the same as her motive not to disclose any other asset. If the debtor does not disclose her claim, she can keep the net proceeds of any settlement or judgment rather than pay her debts to creditors who are not repaid in full under the terms of her bankruptcy plan. This gives the debtor "an incentive to conceal her claims from creditors." *Jethroe*, 412 F.3d at 601 (citing *Coastal Plains*, 179 F.3d at 210). Rogers presented no evidence that this self-evident motive for concealment is inapplicable in this case. Accordingly, the circuit court did not abuse its discretion by finding that all three requirements of judicial estoppel were satisfied and dismissing Rogers's complaint with prejudice.

8

**¶13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., GRIFFIS, P.J., BARNES AND FAIR, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., CARLTON, JAMES AND GREENLEE, JJ.**

**ISHEE, J., DISSENTING:**

¶14. With regard to the majority opinion, I respectfully dissent. In 2010, Rogers fell inside Island View Casino Resort in Gulfport. Island View is owned and operated by Gulfside Casino Partnership. Rogers contacted Gulfside the day after her fall claiming Gulfside was negligent and contributed to her purported injuries. Gulfside disputed her allegations. In 2013, Rogers filed suit in the Harrison County Circuit Court against Gulfside regarding the incident. In 2014, Gulfside filed a motion for summary judgment, which the circuit court granted in 2015. Finding error, I would reverse and remand for further proceedings.

**STATEMENT OF FACTS**

¶15. On October 12, 2005, Rogers and her husband filed a Chapter 13 petition for bankruptcy. As part of the proceedings, they filed a schedule disclosing all debts and assets available to them. Additionally, they were required to notify their bankruptcy trustee and file an amended schedule if any asset or potential asset accrued, including a potential lawsuit, prior to the disposal of their petition by the bankruptcy court. Their bankruptcy debt was discharged on October 4, 2010, but the order closing the bankruptcy proceeding was not entered until March 14, 2011.

¶16. On March 30, 2010, Rogers visited Gulfside's property – the Island View Casino

9

Resort. While there, Rogers slipped and fell. The next day, she contacted Tony Vanderslice, Gulfside's risk manager, and made a personal-injury claim. Vanderslice submitted her claim to Gulfside's insurance carrier, but the claim was ultimately denied. Subsequently, in March 2013, Rogers filed suit against Gulfside regarding the slip and fall.

¶17. In 2014, Gulfside filed a motion for summary judgment in the circuit court. Gulfside asserted that Rogers was barred from pursuing her claim by virtue of judicial estoppel since she failed to disclose the March 2010 slip and fall as a potential cause of action to her bankruptcy trustee prior to the disposal of the bankruptcy proceedings in October 2010. The circuit court agreed, and granted the motion for summary judgment. Rogers now appeals, claiming the circuit court erred when it granted the motion.

## DISCUSSION

¶18. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). A de novo standard of review is applied to the grant of a motion for summary judgment. *Kilhullen v. Kansas City S. Ry.*, 8 So. 3d 168, 174 (¶14) (Miss. 2009). When reviewing such a motion, "the evidence must be viewed in the light most favorable to the party against whom the motion has been made." *Id.* (quoting *Daniels v. GNB Inc.*, 629 So. 2d 595, 599 (Miss. 1993)). However, the opposing party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine

10

issue for trial." M.R.C.P. 56(e).

¶19. In the case at bar, it is undisputed that Rogers's bankruptcy proceedings were unresolved at the time she contacted Gulfside about her fall at the Island View. It is also undisputed that she failed to inform her bankruptcy trustee of the potential cause of action, contrary to the requirements of the bankruptcy proceedings. The supreme court addressed a similar factual scenario in *Copiah County v. Oliver*, 51 So. 3d 205 (Miss. 2011). In *Copiah County*, Nancy Oliver filed for Chapter 13 bankruptcy and later filed a personal-injury action against Copiah County, Mississippi, prior to the close of her bankruptcy proceedings. *Id*. at 206 (¶¶3-4). Copiah County filed a motion for summary judgment, claiming that Oliver was judicially estopped from pursuing her personal-injury claim since she did not inform her bankruptcy trustee of the impending lawsuit and did not file an amended schedule. *Id*. at (¶5). The circuit court denied the motion for summary judgment, concluding that the bankruptcy court should be allowed to determine whether judicial estoppel applied in the circuit-court action. *Id*. at (¶6). Copiah County filed an interlocutory appeal. *Id*. In response, the supreme court held:

> To decide if judicial estoppel applies to Oliver's suit against Copiah County, it must be determined whether she had a duty to disclose to the bankruptcy court her post-petition, post-confirmation claim. We believe our most prudent course is to allow the bankruptcy court to decide this question and to stay further proceedings until it has had an opportunity to do so. This course ensures that the present action is prosecuted in the name of the real party in interest.

*Id.* at 207 (¶11).

¶20. The distinguishing factor between *Copiah County* and the instant case is that the

11

bankruptcy proceedings were already closed by the time Rogers filed her case, whereas in *Copiah County*, the bankruptcy proceedings were ongoing when the action was filed. *Id*. at 206 (¶3). Nonetheless, the bankruptcy proceedings were still open when Rogers's action accrued. Rogers pursued a claim against Gulfside regarding the slip and fall when she called Gulfside's risk manager the day after the incident. Hence, Rogers was aware that her alleged injuries and the circumstances from which the injuries arose constituted a potential asset. However, she failed to inform her bankruptcy trustee and did not file an amended schedule informing the bankruptcy court of the potential asset.

¶21. I find that Rogers's case largely mirrors that of *Copiah County*, and would follow the logic of the supreme court therein. Hence, I would reverse and remand this case for the bankruptcy court's review to determine whether Rogers had a duty to disclose her claim against Gulfside to her bankruptcy trustee.

**IRVING, P.J., CARLTON, JAMES AND GREENLEE, JJ., JOIN THIS OPINION.**