# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01677-COA

CALVIN JACKSON                                                                    APPELLANT

v.

SCOTTIE HARRIS AND OLIVER HARRIS                                 APPELLEES

DATE OF JUDGMENT:               09/17/2019
TRIAL JUDGE:                          HON. BARRY W. FORD
COURT FROM WHICH APPEALED:   HOLMES COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        WILLIAM LAWRENCE FAVA
ATTORNEY FOR APPELLEES:        JAMES SETH McCOY
NATURE OF THE CASE:             CIVIL - PERSONAL INJURY
DISPOSITION:                      AFFIRMED - 09/29/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### EN BANC.

### McDONALD, J., FOR THE COURT:

¶1.     This appeal arises from a circuit court's grant of summary judgment. Calvin Jackson filed a personal injury action in the Holmes County Circuit Court against Scottie and Oliver Harris after he allegedly slipped and fell while painting in their bathroom.  At the time that Jackson filed his lawsuit, he had an open Chapter 13 bankruptcy case.  Jackson did not report the claim to the bankruptcy court.

¶2.     The Harrises filed a motion to dismiss or alternatively for summary judgment, arguing that judicial estoppel prevented Jackson from pursuing the circuit court action.  After a hearing, the circuit court found that the Harrises' motion to dismiss or alternatively for summary judgment was well taken and entered a final judgment of dismissal.  Jackson

appealed, raising the sole issue of whether the circuit court should have dismissed the case under the doctrine of judicial estoppel. After review of the record, we find that the circuit court did not abuse its discretion, and therefore we affirm.

**Facts and Procedural History**

¶3. On November 19, 2014, Jackson filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Mississippi. The bankruptcy court entered an agreed order between Jackson and the trustee on January 21, 2015, which stated that his case would be dismissed if his planned payments became more than sixty-days delinquent without further notice or hearing. On February 23, 2015, the bankruptcy court entered an order confirming Jackson's Chapter 13 plan for monthly payments.

¶4. On November 13, 2017, Jackson was working in Scottie and Oliver Harris's bathroom when he slipped and fell on ceramic tile. In his response to admissions, Jackson stated that he was hired to paint the Harrises' bathroom. Shortly after, Jackson went to Greenwood Orthopedic, where he was diagnosed with a torn ACL and a torn meniscus in his right knee. On the way to the hospital, Scottie allegedly called Jackson asking whether he was going to sue because they did not have any money. Jackson suggested that he could file a claim on the Harrises' homeowners insurance company. Jackson discovered that State Farm provided the Harrises homeowners insurance and filed a claim on December 4, 2017.[1] However, the Harrises told State Farm that Jackson was not supposed to have been in the bathroom. But

---

[1] The record does not contain a demand letter.

even if Jackson were in the bathroom, there was a drop cloth that covered the entire area in the bathroom covering any slick spots. State Farm denied Jackson's claim.

¶5.     On June 18, 2018, Jackson filed a personal injury complaint against the Harrises regarding the slip-in-fall. But Jackson never reported his personal injury lawsuit to the bankruptcy court even though he had an ongoing bankruptcy. The Harrises filed a motion to dismiss or alternatively for summary judgment on July 11, 2019, arguing that judicial estoppel prevented Jackson from pursuing the circuit court action. Specifically the Harrises stated that "[d]espite knowing about his personal injury claim and communicating with the liability insurer for the defendants throughout 2018, [Jackson] never reported the personal injury claim to the bankruptcy trustee." Further, the Harrises contend that "[Jackson] had a duty to disclose this claim to the bankruptcy court and failed to do so. Thus, to protect the integrity of the judicial process, plaintiff should be estopped from pursuing this action and reaping a wind-fall." Jackson filed a response in which he argued that he made an honest mistake when he failed to disclose the instant matter in his bankruptcy proceeding.[2]

¶6.     On September 17, 2019, the circuit court found that the Harrises' motion to dismiss or alternatively for summary judgment was well taken and therefore was granted. Jackson appealed on September 27, 2019, raising the sole issue of whether the circuit court should have dismissed the case under the doctrine of judicial estoppel. We find that the circuit court did not abuse its discretion in dismissing Jackson's case.

---

[2] Jackson claimed that he informed his prior counsel about the bankruptcy proceeding, but his prior counsel maintained that he was never informed about Jackson's bankruptcy case.

3

**Standard of Review**

¶7.     We review a circuit court's decision to grant a motion to dismiss and/or summary judgment de novo. *Carpenter v. Conway*, 292 So. 3d 280, 283 (¶7) (Miss. Ct. App. 2019); *see Rogers v. Gulfside Casino P'ship*, 206 So. 3d 1274, 1278 (¶9) (Miss. Ct. App. 2016). But "a trial court's imposition of judicial estoppel is subject to review under an abuse of discretion standard." *Id.* (quoting *Kirk v. Pope*, 973 So. 2d 981, 986 (¶11) (Miss. 2007)). "[A] decision to grant summary judgment that is based on judicial estoppel implicates a twofold standard of review: we first review the judicial estoppel ruling for an abuse of discretion and then determine whether the circuit court properly granted summary judgment." *Id.* at 178-79 (¶9) (internal quotation marks omitted); *see Bennett v. Highland Park Apartments LLC*, 170 So. 3d 450, 452 (¶5) (Miss. 2015).[3]

**Analysis**

¶8.     "[J]udicial estoppel is designed to protect the judicial system and applies where 'intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" *Clark v. Neese*, 131 So. 3d 556, 560 (¶15) (Miss. 2013) (quoting *Kirk*, 973 So. 2d at 991 (¶31)). "Judicial estoppel arises when one party asserts a position contrary to one taken in prior litigation." *Id.* "Judicial estoppel precludes a party from asserting a position, benefitting from that position, and then, when it becomes more convenient or profitable, retreating from that position later in the litigation."

---

[3] The circuit court did not make specific findings as to whether the motion to dismiss or the motion for summary judgment was the foundation for the ruling. But since the court had exhibits before it, the court more than likely analyzed this case as a motion for summary judgment. But it does not matter in this case because the standard of review is the same.

4

*Id.*

¶9.    "A party will be judicially estopped from taking a subsequent position if (1) the position is inconsistent with one previously taken during litigation, (2) a court accepted the previous position, and (3) the party did not inadvertently take the inconsistent positions." *Id.* at (¶16) (citing *Kirk*, 973 So. 2d at 991)).

¶10.    In *Kirk*, the Mississippi Supreme Court found that the circuit court did not err in finding that judicial estoppel applied. *Kirk*, 973 So. 2d at 998 (¶38). On February 5, 1996, Mike Kirk filed a breach-of-contract action against Randy Pope and Dixieland Forest Products Inc. in the First Judicial District of Hinds County Circuit Court. *Id.* at 984 (¶2). On August 27, 1998, Mike Kirk filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court. *Id.* On December 30, 1998, the bankruptcy case was closed, and Kirk was discharged from his bankruptcy proceedings. *Id.* But Kirk did not disclose the lawsuit in the bankruptcy proceedings. *Id.* After a trial for a breach-of-contract claim four years after Kirk's bankruptcy discharge, a jury returned a verdict of $700,000 in favor of Kirk, for which the final judgment was entered on October 28, 2002.[4] On September 14, 2005, Pope filed a motion for relief from judgment, arguing Kirk was judicially estopped from pursuing his claims because he failed to disclose the case to the bankruptcy court. *Id.* at 986 (¶8). The circuit court vacated the final judgment on October 17, 2005. *Id.* Kirk then appealed to the Mississippi Supreme Court. *Id.*

¶11.    The Supreme Court held that the first prong of judicial estoppel was satisfied because

---

[4] On November 19, 2003, the trial court granted a remittitur and reduced the judgment to $400,000, which Kirk accepted. *Kirk*, 973 So. 2d at 985 (¶5).

"Kirk's failure to list the lawsuit represented that no such suit existed and is inconsistent with his subsequent pursuit of the claim." *Id*. at 991 (¶33). In *Kirk*, the Supreme Court relied on the Fifth Circuit's opinion, *In re Superior Crewboats Inc.*, 374 F.3d 330, 335 (5th Cir. 2004), and adopted the language that "the mere omission of a claim in bankruptcy filings is tantamount to a representation that no such claim existed." *Kirk*, 973 So. 2d at 991 ((¶34). The second prong was also satisfied because the bankruptcy court necessarily relied on the information that Kirk had provided. *Id*. at (¶34). Lastly, the third prong was satisfied because Kirk had knowledge of the undisclosed breach-of-contract claim, and "Kirk notified the bankruptcy trustee only because the defendants forced his hand." *Id*. at 992 (¶38). The breach-of-contact action was filed on February 5, 1996, and the bankruptcy proceeding was filed on August 27, 1998. *Id*. at 984 (¶2). Therefore, the Supreme Court held that the circuit court did not err in finding that judicial estoppel applied to Kirk. *Id*. at 992 (¶38).

¶12.    In *Rogers*, the circuit court did not abuse its discretion by finding that all three requirements of judicial estoppel were met. *Rogers*, 206 So. 3d at 1280 (¶12). Rogers and her husband had an open Chapter 13 bankruptcy case in the United States Bankruptcy Court for the Southern District of Mississippi. *Id*. at 1277 (¶3). They filed for bankruptcy on October 12, 2005, and the bankruptcy court confirmed their bankruptcy plan in March 2006. *Id*. But Rogers had an accident during the interim. *Id*. at 1276 (¶1). On March 30, 2010, Rogers was visiting the Island View Casino, which Gulfside Casino Partnership (Gulfside) owned, when she slipped and fell on the floor near the buffet. *Id*. The following day Rogers notified Gulfside's risk manager of her incident and Gulfiside submitted her claim to its

insurer. *Id*. at 1277 (¶2). On October 4, 2010, the bankruptcy court granted the Rogerses a discharge of their debts after they completed their plan. *Id*. at (¶3). A final order closing the bankruptcy was entered on March 14, 2011. *Id*.

¶13. On March 28, 2013, Rogers filed a personal injury lawsuit against Gulfside in the Harrison County Circuit Court. *Id*. at (¶4). But Rogers never disclosed her potential claim to the bankruptcy trustee. *Id*. "On November 13, 2014, after learning of Rogers's prior bankruptcy proceedings, Gulfside moved for summary judgment, arguing that Rogers was judicially estopped from pursuing her claim because she had failed to disclose it during her bankruptcy proceeding." *Id*. Finding judicial estoppel applicable, the circuit court granted Gulfiside's motion for summary judgment, dismissing Rogers's complaint with prejudice. *Id*. Rogers appealed to this court. *Id*.

¶14. We found that Rogers satisfied the first requirement because "[a] debtor has a continuing and ongoing obligation to disclose potential claims to her bankruptcy trustee." *Id*. at 1278 (¶7). The second requirement was also satisfied because the bankruptcy court effectively accepted her representation that she had made a full and complete disclosure of her assets. *Id*. at 1279 (¶8). Finally, we found that the third requirement was met because Rogers clearly had knowledge of the slip-and-fall claim. *Id*. at (¶11).

¶15. "A debtor's non-disclosure is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id*. at 1280 (¶11) (quoting *Kirk*, 973 So. 2d at 991 (¶35)). "Moreover, it is the debtor's burden to prove that [their] non-disclosure was inadvertent." *Id*. (quoting *Jethroe v. Omnova Solutions,*

7

*Inc.*, 412 F.3d 598, 600 (5th Cir. 2005)). "The question is not whether the debtor subjectively knew at the time of [his] bankruptcy that [he] had a legal duty to disclose the claim in her bankruptcy proceeding." *Id*. Rather, a debtor is deemed to have had "knowledge" of her claim so long as she was aware "of the facts giving rise to" it. *Id*. (citing *Jethroe*, 412 F.3d at 601). Therefore, we found that the circuit court did not abuse its discretion because all three requirements of judicial estoppel were met in Rogers. *Id*. at 1280 (¶12).

¶16. Like *Rogers*, Jackson had a continuing duty to disclose his claim in his bankruptcy case.[5] By not disclosing his claim in the bankruptcy proceeding, Jackson took a position that was inconsistent with one previously taken during his slip-and-fall litigation. Therefore the first requirement of judicial estoppel was met. Additionally, the second requirement was satisfied because the bankruptcy court adopted and accepted the previous position that he made a full and complete disclosure when the court confirmed his Chapter 13 bankruptcy plan.[6]

¶17. Lastly, clearly Jackson had knowledge about his personal injury lawsuit and failed to

---

[5] The Bankruptcy Code and Rules impose an affirmative duty upon bankruptcy debtors to disclose contingent and unliquidated claims, and the duty to disclose is continuous. *Rogers*, 206 So. 3d at 1277 (¶6) (citing *Love v. Tyson Foods Inc.*, 677 F.3d 258, 261 (5th Cir. 2012)). "The obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one. The disclosure requirement pertains to potential causes of action as well." *Id*. (emphasis omitted).

[6] Adoption only requires "that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats Inc.*, 374 F.3d 330, 335 (5th Cir. 2004) (quoting *In re Coastal Plains Inc.*, 179 F.3d 197, 206 (5th Cir. 1999)).

disclose the claim in his bankruptcy proceeding. Jackson had a open Chapter 13 bankruptcy case since November 19, 2014, and his bankruptcy plan was confirmed on February 23, 2015. He made a claim on December 4, 2017, regarding his slip-and-fall accident, and he filed his personal injury lawsuit on June 18, 2018. Jackson's bankruptcy case was not terminated until November 7, 2018.[7] Like *Rogers*, Jackson was deemed to have had knowledge of his claim because he was aware of the facts giving rise to it. Additionally, we stated in *Rogers* that we look at the debtor's motive not to disclose his claim. *Id*. at 1280 (¶12). "If the debtor does not disclose [his] claim, [he] can keep the net proceeds of any settlement or judgment rather than pay [his] debts to creditors who are not repaid in full under the terms of her bankruptcy plan." *Id*. Jackson argues that he made a simple mistake in failing to disclose his personal injury claim during the bankruptcy proceeding. But like *Rogers*, Jackson "presented no evidence that this self-evident motive for concealment is inapplicable in this case." *Id*. Relying on precedent, all three requirements for judicial estoppel have been satisfied. Therefore, the circuit court did not abuse its discretion in dismissing Jackson's action because of judicial estoppel.

**Conclusion**

¶18. Because the three requirements for judicial estoppel were satisfied, the circuit court did not abuse its discretion in finding that judicial estoppel prevented Jackson from pursuing

---

[7] The bankruptcy court dismissed Jackson's case because he had fallen over sixty days behind in his plan payments. In *Jethroe v. Omnova Sols. Inc.*, 412 F.3d 598, 600 (5th Cir. 2005), the court held that although Jethroe's bankruptcy case was dismissed for failure to comply with an agreed order, Jethroe was properly judicially estopped for failure to disclose her discrimination lawsuit during her bankruptcy proceedings. *Id*. at 601.

9

the personal injury claim.

¶19.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE AND McCARTY, JJ., CONCUR.**