# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 5, 2011

No. 10-31090

Lyle W. Cayce
Clerk

ALFRED G. OSTERWEIL,

Plaintiff-Appellant

v.

MICHAEL D. EDMONSON, in his official capacity as Superintendent of
Louisiana State Police; LOUISIANA STATE POLICE; BOBBY JINDAL, in
his official capacity as Governor of Louisiana; JAMES D. CALDWELL JR., in
his official capacity as Louisiana Attorney General,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CV-398

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alfred G. Osterweil appeals the district court's Rule 12(b)(1) dismissal of
his complaint for lack of standing. We review the district court's decision de
novo, *see Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d
127, 133 (5th Cir. 2009), and we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-31090

Osterweil alleged in his complaint that Louisiana's statutes and regulations for obtaining a concealed handgun permit violate the right to bear arms under the Second Amendment. We agree with the district court that Osterweil has failed to show an injury in fact.

The party seeking to invoke federal jurisdiction has the burden of establishing standing. *United States v. Hays*, 515 U.S. 737, 743, 115 S. Ct. 2431, 2435 (1995). Standing is composed of three elements: "First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical[.] . . . Second, there must be a causal connection between the injury and the conduct complained of[.] . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992) (internal quotation marks and citations omitted).

Osterweil argues that he has been injured, and continues to suffer injury, because Louisiana's regulatory scheme denies him the right to self-defense under the Second Amendment. But Louisiana has not yet applied its regulations to deny Osterweil the right to possess a concealed handgun. His permit application was returned to him as incomplete. The record shows that Osterweil did not pursue the matter further and that he has no permit application outstanding, nor has he alleged that he carried a concealed weapon or has been threatened with prosecution. Therefore, he has not been injured.

Osterweil also asserts that he has been injured because he faces possible prosecution and imprisonment if he carries a concealed handgun without a permit. *See* LA. REV. STAT. ANN. § 40:1379.3(L). Although an actual arrest is not always necessary to confer standing to challenge a criminal statute, a plaintiff must show there is a credible threat of prosecution. *See Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298, 99 S. Ct. 2301, 2309 (1979). The record

2

No. 10-31090

here does not allow Osterweil's bald claim to rise above the level of speculation or conjecture. *See id.* ("'[P]ersons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs.'") (citation omitted).

Finally, Osterweil claims that he has standing because, as a retired member of the bar, he faces disciplinary action if he carries a concealed handgun without a permit and is convicted for violating Louisiana's regulations. We need not consider this argument because it is raised for the first time on appeal, is conclusory, and is inadequately briefed. *See United States v. McMillan*, 600 F.3d 434, 457 n.75 (5th Cir. 2010); *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir 2005). Moreover, this claimed harm is even more speculative because disciplinary action is several steps removed from the threat of prosecution.

AFFIRMED.