2020 IL App (1st) 192430-U

FIFTH DIVISION
Order filed: August 14, 2020

No. 1-19-2430

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MARK P. STEVENSON, for the Benefit of the Chapter 13 Bankruptcy Estate of Mark P. Stevenson and Yolanda J. Stevenson, | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 19 L 8241 |
| DHIRAJ SHARMA D.D.S, RAUF ABDUL YOUSEF, D.M.D., AMERICAN DENTAL ASSOCIATES, LTD., and ARCHER DENTAL SPECIALISTS, INC., | ) ) ) ) ) | Honorable Kathy M. Flanagan, |
| Defendants-Appellees. | ) | Judge, presiding. |

PRESIDING JUSTICE HOFFMAN delivered the judgment of the court.
Justices Rochford and Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We reverse the order of the circuit court granting summary judgment in favor of the defendants on the basis of judicial estoppel because there exists a genuine issue of material fact as to whether the plaintiff's failure to disclose his cause of action to the bankruptcy court was inadvertent or an intentional act of deception.

¶ 2    The plaintiff, Mark Stevenson, for the benefit of the chapter 13 bankruptcy estate of Mark P. Stevenson and Yolanda J. Stevenson, appeals from an order of the circuit court of Cook County, granting summary judgment in favor of the defendants, Dhiraj Sharma, D.D.S., Rauf Abdul Yousef, D.M.D., American Dental Associates, Ltd., and Archer Dental Specialists, Inc. On appeal, the plaintiff contends that the circuit court erred when it granted summary judgment in the defendants' favor because his claim was not barred by judicial estoppel. For the reasons that follow, we reverse the judgment of the circuit court and remand for further proceedings.

¶ 3    The following facts and procedural history were derived from the pleadings, affidavits, depositions, and supporting evidentiary materials.

¶ 4    The underlying case stems from dental work the defendants performed on the plaintiff. In March 2014, the plaintiff consulted with Drs. Sharma and Yousef about his interest in receiving permanent implant dentures. He agreed to undergo the procedure, and the defendants performed the dental work over the next few months. Sometime in September 2014, the plaintiff complained to the defendants that he was experiencing issues with his permanent implants and lower denture.

¶ 5    On August 18, 2016, the plaintiff filed a 12-count complaint against the defendants, alleging professional negligence, negligent infliction of emotional distress, and negligent misrepresentation. The complaint sought damages "in excess of $50,000" for pain and suffering and loss of a normal life, as well as emotional distress.

¶ 6    Prior to setting forth the pertinent procedural facts from the circuit court, we find it necessary to address the plaintiff's bankruptcy proceedings. On May 7, 2013, three years before filing the instant lawsuit, the plaintiff and his wife (the Stevensons) jointly filed for chapter 13

bankruptcy protection in the United States District Court for the Northern District of Illinois. The Stevensons were represented by counsel during their bankruptcy proceedings. The Stevensons' bankruptcy petition included various "schedules" that contained their assets and liabilities. One of the disclosures in Schedule I, which covers current income, indicated that the plaintiff was unemployed and earned no income and that his wife earned $5433 per month as a teacher. The Stevensons electronically signed the disclosures under penalty of perjury.

¶ 7      As part of the bankruptcy petition, the Stevensons also filed a statement of financial affairs, which indicated that the plaintiff earned no income from any trade, profession, or operation of a business in the past two years. The Stevensons were also asked to list any lawsuits in which either was a party within the one year immediately preceding the filing of the bankruptcy case and they listed two: *State Farm v. Mark Stevenson* and *Wooten Orlando v. Mark Stevenson*. They also answered "none" when asked to identify all businesses in which either was an officer or partner, or in which either was "self-employed in a trade, profession, or other activity either full or part-time within the six years immediately preceding the commencement of [the] case." The Stevensons electronically signed the statement of financial affairs under penalty of perjury.

¶ 8      The bankruptcy court requires that every compensation agreement between a debtor and an attorney for the debtor be in writing, signed by the debtor, and filed with the court. The Stevensons' chapter 13 contract with their counsel was filed together with a retention agreement. The Stevensons both signed the retention agreement, which provides, in relevant part:

**AFTER THE CASE IS FILED**

THE DEBTOR AGREES TO:

\* \* \*

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any significant change in financial situation \*\*\*.

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce)."

¶ 9    On August 2, 2013, the bankruptcy court entered an order placing the Stevensons on a five-year debt repayment plan with monthly payments in the amount of $707. During that five-year period, the plaintiff did not inform the bankruptcy court of any new assets, liabilities, or diminished earnings. The Stevensons continued making the required monthly payments and, on July 31, 2018, the bankruptcy court discharged the Stevensons' debts. The case was closed on October 4, 2018. The Stevensons had $136,399.35 in unsecured debt discharged in bankruptcy.

¶ 10    As previously stated, the plaintiff's complaint in the instant case was filed on August 18, 2016. During discovery, the plaintiff answered interrogatories propounded on him by Drs. Sharma and Yousuf, which he certified to be true and correct pursuant to section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2016)). In his answers, the plaintiff stated that he earned $65 to $85 per hour as a vessel captain and worked as a maritime consultant. He stated that he missed days of work after treating with the defendants due to pain, inability to talk, and medical appointments. He estimated that, as a result, he lost a total of $4000 in income.

¶ 11    The plaintiff was deposed on January 25, 2017. He testified that, as of January 2017, he had been self-employed as a ship's captain for about 15 years and worked under the business

name Captain Mark Stevenson, Inc. According to the plaintiff, his work as a ship's captain was seasonal, from April 15 to October 31 each year, and, during the remainder of the year, he worked as a marine consultant. He stated that he earned between $600 to $1200 per day as a vessel captain. He estimated that he lost 20 to 25 days of work on account of the defendants' alleged negligence. The plaintiff was also asked if he had ever been sued, and he replied that he had not. When asked if he had ever filed another lawsuit, the plaintiff replied that he had filed a civil lawsuit against an individual named Daniel Wang as a result of a dispute over water damage to a storefront.

¶ 12    Discovery in the instant case was completed on May 8, 2017, and the circuit court set a March 11, 2019 trial date.

¶ 13    On March 6, 2019, the defendants filed a joint emergency motion for involuntary dismissal pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2018)), alleging that they recently learned of the plaintiff's bankruptcy, which was pending when he filed his complaint in the instant case, and that he did not list the claim as an asset in bankruptcy court. They argued that, as a result, the plaintiff's claim should be dismissed because (1) he lacked standing to bring the suit since the claim had accrued before the bankruptcy proceedings were closed and was, therefore, the property of the bankruptcy estate and (2) his claim was barred under the doctrine of judicial estoppel because he had failed to disclose the claim as a potential asset during the bankruptcy proceedings.

¶ 14    At the hearing on the defendants' emergency motion, the plaintiff's counsel tendered an affidavit from the plaintiff stating that he was not aware he had an obligation to report the

lawsuit to the bankruptcy court or trustee and that his nondisclosure was inadvertent and not intended to deceive.

¶ 15    On March 11, 2019, the circuit court entered an order placing the matter on the law division bankruptcy stay calendar *instanter* and continuing the motion for involuntary dismissal until the plaintiff reopened the bankruptcy case, amended the bankruptcy schedules to include his claim against the defendants, and received a determination from the chapter 13 trustee as to whether the lawsuit should proceed for the benefit of the estate or be abandoned.

¶ 16    That same day, the bankruptcy court entered an order granting the plaintiff's emergency motion to reopen the bankruptcy case to amend the schedules to disclose his claim against the defendants. The bankruptcy court also ordered the plaintiff to continue prosecuting the claim on behalf of the bankruptcy estate upon the filing of an affidavit of compensation pursuant to Rule 2016(b) of the Federal Rules of Bankruptcy Procedure (Fed. R. Bankr. P. 2016(b)), which the plaintiff filed that same day. On April 18, 2019, the Stevensons filed amended schedules listing the instant lawsuit as an asset.

¶ 17    On July 26, 2019, the circuit court removed this case from the bankruptcy stay calendar and returned it to the law division over the defendants' objections. The circuit court also ordered that "Mark Stevenson, for the Benefit of the Chapter 13 Bankruptcy Estate of Mark Stevenson and Yolanda Stevenson" be substituted as the plaintiff. On August 5, 2019, the plaintiff filed an amended complaint with the new party names listed.

¶ 18    On August 26, 2019, the defendants filed a joint motion for summary judgment, once again arguing that the plaintiff's claim was barred under the doctrine of judicial estoppel because he had failed to disclose the claim as a potential asset during the bankruptcy proceedings. The

defendants also argued that the evidence established that the plaintiff intended to deceive when he failed to disclose this cause of action to the bankruptcy court. Specifically, the defendants argued that the following facts established that the plaintiff intended to deceive: (1) the plaintiff disclosed two lawsuit filed *against* him in the bankruptcy proceedings, but he failed to amend his schedules to disclose the instant claim and another civil suit they discovered that he filed in 2014 (*Stevenson v. Tikiboat Chicago*, 2014 M1 136168); (2) in his deposition in the instant case, the plaintiff testified that he had never been sued, but he previously disclosed two lawsuits against him in the bankruptcy proceedings; (3) the plaintiff failed to disclose the 2014 suit he filed against Tikiboat Chicago during his deposition when asked if he had ever filed a lawsuit; (4) the plaintiff stated that he earned no income in the bankruptcy schedules and also in a sworn application in the 2014 civil case against Tikiboat Chicago to proceed as an indigent plaintiff, but, in this case, he testified during his deposition that he earned between $600 to $1200 a day working seasonally as a boat captain and provided answers to interrogatories in which he estimated his lost income as a result of the defendants' professional negligence to be $4,000; and (5) the plaintiff's retainer agreement with his bankruptcy counsel required him to inform his counsel if he wished to file a lawsuit, indicating that he knew he was required to disclose this cause of action.

¶ 19    In support of their motion for summary judgment, the defendants attached, *inter alia*, the bankruptcy schedules filed by the Stevensons, a transcript of the plaintiff's deposition in this case, the plaintiff's interrogatory answers, and a signed copy of the plaintiff's application and affidavit to sue as an indigent plaintiff from the 2014 civil suit he filed against Tikiboat Chicago.

¶ 20    On September 16, 2019, the plaintiff filed a response to the defendants' joint motion for summary judgment, arguing, *inter alia*, that he was not required to amend his bankruptcy schedules to include this lawsuit under the relevant provisions of federal bankruptcy law; his alleged inconsistent statements were "ammunition for cross-examination," but were not probative to the court's judicial estoppel analysis; and the defendants' evidence was insufficient to establish that he intended to deceive or mislead the court. In support of his response, the plaintiff attached an affidavit once again averring that he was not aware he had an obligation to disclose the lawsuit and that he did not intend to deceive or mislead.

¶ 21    On October 30, 2019, the circuit court entered an order granting the defendants' motion for summary judgment. In so holding, the court found that all five elements of judicial estoppel had been met in that the plaintiff (1) took two positions (2) that were factually inconsistent (specifically, that no claim existed and that the claim existed) (3) in separate judicial proceedings (4) intending for the trier-of-fact to accept the truth of the alleged facts and (5) succeeded in the first proceeding and received a benefit from the factual position taken (namely, the plaintiff's debts being discharged without giving his creditors knowledge of his potential to recover a money judgment). The court also found that the evidence established the plaintiff intended to deceive or mislead the bankruptcy court, citing the following evidence: the agreement between the plaintiff and his bankruptcy counsel that required him to inform his counsel if he wished to file a lawsuit; the plaintiff's disclosure of the two cases against him while failing to disclose two lawsuits he was prosecuting; and the plaintiff's financial motive for concealment of a money judgment from his creditors. Regarding the plaintiff's affidavit, the court found that it was "conclusory and without supporting facts or evidence." This appeal followed.

¶ 22    On appeal, the plaintiff contends that the circuit court erred in granting the defendants'

motion for summary judgment because (1) the elements of judicial estoppel were not met since

he was under no obligation to file an amended bankruptcy schedule according to the plain

language of the bankruptcy statutes; and (2) there was insufficient evidence that he intended to

deceive or mislead the court.

¶ 23    Summary judgment is appropriate if no material fact is in dispute; if reasonable persons

could not draw differing "inferences from the undisputed material facts;" and if reasonable

persons could not "differ on the weight to be given the relevant factors of a legal standard."

*Seymour v. Collins*, 2015 IL 118432, ¶ 42. In reviewing an order granting summary judgment,

we strictly construe the record against the movant and view it liberally in favor of the nonmoving

party. *Id.* ¶ 49. Summary judgment is a drastic measure and should only be granted if the

movant's right to judgment is clear and free from doubt. *Id.* ¶ 42

¶ 24    In determining whether to bar a claim on grounds of judicial estoppel, the trial court must

first determine whether the prerequisites for application of judicial estoppel have been met.

*Seymour*, 2015 IL 118432, ¶ 47. In this respect, the party to be estopped must have done the

following: "(1) taken two positions, (2) that are factually inconsistent, (3) in separate judicial or

quasi-judicial administrative proceedings, (4) intending for the trier of fact to accept the truth of

the facts alleged, and (5) have succeeded in the first proceeding and received some benefit from

it. " *Id.* We review the presence of the judicial estoppel factors *de novo*. *Id.* ¶ 49.

¶ 25    If all these prerequisites have been established, the trial court must then determine

whether to apply judicial estoppel. *Id.* Multiple factors may inform the court's decision, among

them the significance or impact of the party's action in the first proceeding, and "whether there

was an intent to deceive or mislead, as opposed to the prior position having been the result of inadvertence or mistake." *Id.* The court's ultimate decision on whether to apply judicial estoppel is an action requiring the exercise of discretion. *Id.* ¶ 47.

¶ 26 Here, the plaintiff argues that the first and fourth elements of judicial estoppel were not met because he was not required to amend the bankruptcy schedule to disclose his cause of action against the defendants under the relevant provisions of federal bankruptcy law. Specifically, the plaintiff points to the text of Rule 1007(h) of the Federal Rules of Bankruptcy Procedure.

¶ 27 Rule 1007(h) provides, in relevant part:

"(h) Interests acquired or arising after petition

If, as provided by § 541(a)(5) of the [Bankruptcy Code], the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 14 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supplemental schedule in the *** chapter 13 individual debt adjustment case ***." Fed. R. Bankr. P. 1007(h).

¶ 28 Section 541(a)(5) of the Bankruptcy Code states the following:

"(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

***

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date--

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as a beneficiary of a life insurance policy or of a death benefit plan." 11 U.S.C. § 541(a)(5) (2006).

¶ 29    According to the plaintiff, his "interest in a contingent, unliquidated personal injury lawsuit does not fit any of these categories, and thus he was under no duty to file a supplemental schedule" pursuant to rule 1007(h). He, therefore, contends that the elements of judicial estoppel were not met because, in the absence of an obligation to amend his bankruptcy schedules, he "cannot be deemed to have taken an inconsistent position or intended the [bankruptcy court] to have relied on it by failing to file a supplemental petition." The defendants respond that the plaintiff's argument goes against the "overwhelming weight of federal precedent." We agree with the defendants.

¶ 30    Our own supreme court has recognized that the vast weight of authority holds that a debtor has a continuing obligation to disclose postpetition causes of action. See *Seymour v. Collins*, 2015 IL 118432, ¶ 52 (citing *In re Kemp*, No. 03-52422, 2011 WL 3664497, at *3 (Bankr. W.D. La. Aug. 19, 2011)) ("[I]t has been said that federal courts have uniformly held that Chapter 13 debtors are obligated to disclose postpetition causes of action.") Our own research confirms that there is a consensus among federal courts that the plaintiff had an

obligation to disclose this cause of action to the bankruptcy court. See, e.g., *Moses v. Howard Univ. Hosp.*, 606 F.3d 789, 793 (D.C. Cir. 2010) ("This means that a debtor is under a duty both to disclose the existence of pending lawsuits when he files a petition in bankruptcy and to amend his petition if circumstances change during the course of the bankruptcy."); *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("[The debtor] was under a duty both to disclose the existence of her [claim] when she filed her petition and to disclose her potential legal claims throughout the pendency of that petition."). Indeed, as one district court noted, even though "[n]either the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure explicitly require a debtor to report post-petition causes of action ***, [n]evertheless, courts have uniformly held that a Chapter 13 debtor is obligated to disclose post-petition causes of action." *In re Kemp*, No. 03-52422, 2011 WL 3664497, at *3 (Bankr. W.D. La. Aug. 19, 2011). This consensus appears to be built around the notion that the accuracy and completeness of bankruptcy schedules is important "[i]n order to preserve the requisite reliability of disclosure statements and to provide assurances to creditors regarding the finality of plans which they have voted to approve." *Guay v. Burack*, 677 F.3d 10, 19 (1st Cir. 2012) (quoting *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 418 (3d Cir.1988)). As such, we decline the plaintiff's invitation to break with the overwhelming weight of authority and, therefore, conclude that the plaintiff had a continuing obligation to disclose his postpetition cause of action.

¶ 31    Having determined that the plaintiff was obligated to disclose his cause of action against the defendants to the bankruptcy court, we now turn to whether the elements of judicial estoppel were met. We conclude that they have been. As to the first and second prerequisites, it is clear that plaintiff took two factually inconsistent positions by not disclosing this cause of action as an

asset in the federal bankruptcy proceedings, which essentially amounted to ignoring the claim's existence, and then subsequently bringing this action in the circuit court. The third prerequisite is also clearly satisfied where the first proceeding, which was in federal bankruptcy court, is separate from the instant personal injury lawsuit that was filed in the circuit court of Cook County, a state court.

¶ 32    We also find that the fourth prerequisite is satisfied where the plaintiff intended the court to accept his alleged facts as true. The plaintiff's disclosures in bankruptcy court were signed under oath. Additionally, the plaintiff in this case filed a claim in the circuit court attesting that he had a cause of action against the defendants. Clearly, he intended both courts to accept those facts as true. Lastly, the fifth prerequisite, that he succeeded in the first proceeding and received some benefit from it, is satisfied in that he received a benefit from the bankruptcy proceeding by having $136,399.35 of his unsecured debt discharged without having to increase his payments to his creditors in light of the claim. Accordingly, all of the prerequisites for judicial estoppel have been met.

¶ 33    The only remaining question is whether the circuit court properly exercised its discretion by applying judicial estoppel to dismiss the plaintiff's claim on summary judgment. As previously mentioned, multiple factors may inform the court's decision in this regard, among them the impact of the party's action in the first proceeding and "whether there was an intent to deceive or mislead, as opposed to the prior position having been the result of inadvertence or mistake." *Seymour*, 2015 IL 118432, ¶ 47. Primarily, courts look to whether the plaintiff had an intent to deceive or mislead, which our supreme court has deemed "a critical factor in the application of judicial estoppel." *Id.* ¶ 54.

¶ 34    The plaintiff contends that his failure to amend his bankruptcy schedule to include his claims against the defendants was inadvertent. In support, he attached his own affidavit in which he avers that he was not aware that he needed to disclose the claim and that he did not intend to deceive the court. He argues that his affidavit creates a genuine issue of material fact. The defendant responds that there is considerable evidence to establish that the plaintiff has a "pattern and practice of giving different information in different court cases to suit his purposes," such as inconsistent statements regarding his income in bankruptcy, his deposition in this case, and his application to file as an indigent plaintiff in the 2014 case.

¶ 35    To begin, we note that "[a] party's intent when acting is a question of fact." *Borchers v. Franciscan Tertiary Province of Sacred Heart, Inc.*, 2011 IL App (2d) 101257, ¶ 30. As summary judgment must be reserved for cases in which there is no question of material fact (735 ILCS 5/2–1005(c) (West 2018)), it generally should not be used when a party's intent is a central issue in the case (*Schroeder v. Winyard*, 375 Ill. App. 3d 358, 368 (2007)). Indeed, we have repeatedly held that "summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent[,] and subjective feelings and reactions." (Internal quotations omitted.) *Farmers Automobile Insurance Ass'n v. Williams*, 321 Ill. App. 3d 310, 314 (2001). Nevertheless, even factual matters may be decided via summary judgment if the movant puts forward evidence as to a material fact that would entitle it to judgment and the nonmovant does not counter by pointing to contrary evidence. *Schroeder*, 375 Ill. App. 3d at 368.

¶ 36    Here, the defendants point to several pieces of evidence that they contend establish that the plaintiff's failure to disclose his professional negligence claim to the bankruptcy court was a

deliberate attempt to mislead or deceive the court and his creditors, as well as the court and the defendants in this case. This evidence includes the plaintiff's agreement with his bankruptcy counsel requiring him to inform his counsel if he wished to file a lawsuit; the plaintiff's bankruptcy schedule indicating that he had no income and his deposition testimony in this case stating that he earned $600 to $1200 a day as a boat captain and also worked as a marine consultant during the off season; and his application to proceed as an indigent plaintiff in the 2014 case in which he averred that he was unemployed. The defendants contend that these are not innocent misrepresentations, especially in light of the fact that the plaintiff had an obvious financial motive to deceive in each instance just as he did in this situation.

¶ 37    For his part, the plaintiff insists that he did not know he was required to disclose the cause of action and amend his bankruptcy schedules and that he did not intend to deceive. He notes that the agreement with his counsel only obligates him to inform his counsel if he is considering filing a lawsuit, it does not require him to inform the bankruptcy court. He also argues that his disclosure of the two cases filed against him that were pending at the time he filed his bankruptcy petition are evidence that he was not intending to conceal anything from the bankruptcy court. Lastly, he contends that his failure to disclose the Tikiboat Chicago claim to the bankruptcy court is further proof that he did not know of his obligations to the court.

¶ 38    After reviewing the record and the evidence provided by the defendants, we conclude that all of the circumstantial evidence provided by the defendants is sufficient to raise a credibility issue regarding whether the plaintiff inadvertently failed to disclose this cause of action or it was an intentional act of deception, and such credibility issues are properly resolved by the trier of

fact. In other words, we conclude that there is a genuine issue of material fact as to whether the plaintiff intended to deceive by failing to disclose this cause of action.

¶ 39    In reaching this decision, we are mindful of the defendants' argument that we should reach the same conclusion as the circuit court did regarding the plaintiff's affidavit: It is self-serving and conclusory. However, realistically speaking, most affidavits by a party submitted in opposition to a motion for summary judgment are, in some fashion, self-serving. Moreover, when confronted with an issue such as intent, it is difficult to imagine an affidavit that the plaintiff could provide that would not be self-serving in nature. This is precisely the reason why "matters of intent are generally inappropriate for resolution at the summary judgment stage." *Thomson Learning, Inc. v. Olympia Properties, LLC*, 365 Ill. App. 3d 621, 635 (2006).

¶ 40    For these reasons, we reverse the summary judgment entered in favor of the defendants, finding that there exists a question of fact on the issue of whether the plaintiff's failure to disclose this cause of action to the bankruptcy court was intentional or inadvertent; and we remand the cause to the circuit court with directions to: (1) enter a summary determination of major issues in favor of the defendants, pursuant to section 2-1005(d) of the Code of Civil Procedure (735 ILCS 5/2-1005(d) (West 2018)), that the plaintiff had a continuing obligation to disclose this cause of action to the bankruptcy court; and (2) conduct further proceedings consistent with the views expressed herein.

¶ 41    Reversed and remanded with instructions.