# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-20048

————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2026

Lyle W. Cayce
Clerk

ROYAL AMERICAN CONSTRUCTION, INCORPORATED,

*Plaintiff—Appellee*,

*versus*

ROOFING DESIGNS BY JR, L.L.C., *doing business as* ROOFING
DESIGNS,

*Defendant/Third Party Plaintiff—Appellant*,

HARTFORD FIRE INSURANCE COMPANY,

*Third Party Defendant—Appellee*.

—————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-2440

—————————————————————————

Before SMITH, STEWART, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Roofing Designs by JR, L.L.C., doing business as Roofing Designs
("Roofing Designs"), appeals the summary judgment for Royal American

—————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-20048

Construction, Incorporated ("Royal American") and Hartford Fire Insurance Company ("Hartford") on equitable estoppel grounds. For the reasons set forth below, we AFFIRM.

## I.    Background

Looking back, in 2020, Roofing Designs entered into two subcontract agreements with Royal American to provide services in connection with Royal American's development and construction of an apartment community in Houston, Texas. Roofing Designs did not complete the project, and the parties dispute who is at fault for the noncompletion. Chynethia Gragg ("Gragg"), the owner of Roofing Designs, recorded, in the Harris County Real Property Records, affidavits claiming a mechanic's lien and a retainage lien against Royal American for nonpayment for the work Roofing Designs had completed. Roofing Designs maintains that it is also entitled to payment under two bonds that Hartford issued to secure Royal American's payment obligations and to indemnify against liens.

Royal American filed suit in the Southern District of Texas against Roofing Designs in July 2021, alleging breach of contract, breach of warranty, and conversion.[1] Roofing Designs filed a counterclaim in September 2021, alleging breach of contract, quantum meruit, and negligence. Roofing Designs also filed a third-party complaint against Hartford, maintaining that it was entitled to recover on the bonds that Hartford had issued. In Roofing Designs' initial disclosures, filed with the district court in November 2021, it stated that it was seeking $227,756.43 in damages. In June 2022, Gragg

---

[1] The parties later stipulated to dismissal of Royal American's claims against Roofing Designs, and in August 2024, the court accordingly ordered that Royal American's claims against Roofing Designs were dismissed with prejudice.

testified as Roofing Designs' corporate representative that it was seeking over $600,000 in damages and fees.

In October 2023, Roofing Designs filed for bankruptcy in the Northern District of Texas. Roofing Designs filed with its petition a schedule listing assets and liabilities that stated that it had a cause of action against Royal American, but, despite the above information, it listed the nature of the claim as "[u]nknown" and said the amount requested was $0.00. This $0.00 was included in the computation of the total value of Roofing Designs' assets. Roofing Designs made no mention of a cause of action against Hartford in its initial filings.

In January 2024, Roofing Designs filed its plan of reorganization with the bankruptcy court, and in the section titled "Analysis and Valuation of Property," it noted that it "believes it has numerous litigation claims, however, at the present time these claims are speculative and cannot be counted on to provide funds to the estate." The proposed plan also stated that Roofing Designs was "unaware of any litigation which could be brought for the benefit of the creditors of the estate," that it was "current[ly] involved in litigation with Royal American," and that it "fully believes in the litigation however Royal American has denied any liability[.]" The bankruptcy court confirmed the plan in February 2024. Obviously, leaving out the amount of money it knew it was seeking assists in keeping out money to give to creditors in the bankruptcy case.

In a joint status report filed with the district court in May 2024, Hartford indicated that it planned to seek dismissal of Roofing Designs' claims because Roofing Designs had failed to identify any claims against Hartford in its plan for reorganization. Roofing Designs then filed amended schedules with the bankruptcy court adding Hartford to the list of entities

against which it had causes of action, and it again listed the nature of the claim as "[u]nknown" and the amount requested as $0.00.

Royal American and Hartford jointly moved for summary judgment in May 2024. They maintained that Roofing Designs' claims against Royal American and Hartford should be barred by judicial estoppel because Roofing Designs did not adequately disclose the nature or value of its claims in its bankruptcy proceeding. The district court granted the motion and dismissed Roofing Designs' claims with prejudice. Roofing Designs timely appealed.

## II.    Jurisdiction & Standard of Review

We have jurisdiction over this appeal under 28 U.S.C. § 1291. We review a summary judgment de novo, and we review a district court's application of equitable estoppel for abuse of discretion. *See Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 384 (5th Cir. 2008) (per curiam); *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999).

## III.    Discussion

"Judicial estoppel is a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position." *In re Coastal Plains, Inc.*, 179 F.3d at 205 (citation modified). A court may invoke this equitable doctrine at its discretion to "protect the integrity of the judicial process." *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (en banc) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749–50 (2001)). In determining whether to invoke judicial estoppel, courts look to whether "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* at 574. "Because the doctrine is intended to protect the judicial system, *rather than the litigants*, detrimental reliance by the opponent of the party against whom the doctrine is applied is not

necessary." *In re Coastal Plains*, 179 F.3d at 205. "Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court[] but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Sols., Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

As to the issue of whether Roofing Designs' positions in litigation and in bankruptcy were plainly inconsistent, Roofing Designs maintains that it fully disclosed the existence of its litigation against Royal American and Hartford during its Chapter 11 proceedings, and thus that there were no inconsistencies between its positions. The record evidence shows otherwise.

Because "the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*," *In re Coastal Plains, Inc.*, 179 F.3d at 207–08, we have consistently held that when a party omits claims that must be disclosed from the schedules and stipulations filed in its bankruptcy proceedings, it represents that no such claims exist, *see id.* at 210; *see also In re Flugence*, 738 F.3d 126, 130 (5th Cir. 2013); *In re Superior Crewboats, Inc.*, 374 F.3d 330, 335 (5th Cir. 2004).

Roofing Designs did not disclose any claims against Hartford in its initial schedules, despite such claims' having already been filed in federal court. Roofing Designs noted that it believed it had various causes of action against Royal American, but it stated that the nature of the claim was "[u]nknown," and the amount requested was $0.00. This disclosure was made in its initial filing in the bankruptcy court after Roofing Designs had filed its counterclaim against Royal American and after it filed its third-party complaint against Hartford. Moreover, even after Roofing Designs amended its schedules after its proposed plan for reorganization had been confirmed

to add its potential claim against Hartford, it continued to represent the value of all of its claims as $0.00.

We note that representing a claim as valueless in one forum and as valuable and viable in another are plainly inconsistent positions. Despite Roofing Designs representing in its initial disclosures in the Southern District Court that it sought $227,756.34 in damages and representing in a deposition that it was entitled to over $600,000 in damages and attorneys' fees, Roofing Designs never gave that to the Northern District Bankruptcy Court, instead claiming that it valued its claims at $0.00. The district court therefore did not err in concluding that Roofing Designs' representations to the bankruptcy court were inconsistent with its claims in the district court.

It is also apparent that the bankruptcy court accepted Roofing Designs' position regarding the value of its claims against Hartford and Royal American. "[J]udicial acceptance means only that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *In re Coastal Plains, Inc.*, 179 F.3d at 206 (citation omitted). We have often held that a bankruptcy court accepts a party's position that it has no claims when the court confirms the party's plan. *See, e.g.*, *Jethroe*, 412 F.3d at 600; *In re Flugence*, 738 F.3d at 130. Here, there is no indication that the district court erred in concluding that the bankruptcy court accepted Roofing Designs' prior position that it had no claims of value when it approved Roofing Designs' plan, which did not disclose Roofing Designs' claims against Hartford and which valued its claims against Royal American at $0.00.

There is also no indication that Roofing Designs acted inadvertently in failing to adequately disclose the value of its claims. A "debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for

their concealment." *In re Coastal Plains, Inc.*, 179 F.3d at 210. A lack of inadvertence may therefore be found when there is any potential motivation for concealing a claim. *See Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) ("[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court." (citation omitted)). "A motivation to conceal may be shown by evidence of a potential financial benefit that could result from concealment." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 273 (5th Cir. 2015); *see also In re Superior Crewboats, Inc.*, 374 F.3d at 336. "The relevant time frame for determining whether a motivation exists is at the time the debtor failed to meet his disclosure obligations, not after a bankruptcy has been closed or discharged." *Allen v. C & H Distribs., L.L.C.*, 813 F.3d 566, 574 (5th Cir. 2015) (citation modified).

Here, Roofing Designs brought its claims against Royal American and Hartford before it filed for bankruptcy, so there is no evidence that Roofing Designs lacked knowledge of its claims. As the district court correctly observed, there was a potential motivation to conceal the value of the claims because doing so would allow Roofing Designs to "discharge its debt at a fraction of its value, while keeping the full value of its claims against Hartford and Royal American." The district court therefore did not err in concluding that the inconsistent positions were not inadvertent.

## IV.    Conclusion

The district court did not err in concluding that judicial estoppel was appropriate. Accordingly, we AFFIRM the summary judgment.